■ CHEMICAL BANK NEW YORK TRUST COMPANY, Appellant, v. LODGE OPERATING CORP. et al., Respondents.— Order, entered on November 14, 1960, which on reargument adheres to an original decision dated April 19, 1960, denying plaintiff's motion for summary judgment, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and the motion for summary judgment granted, with $10 costs. Respondents Totem Hotel, Inc., and Lodge Operating Corp. respectively own and operate a Summer resort. Respondent Schoenholt is president of both corporations. On March 30, 1956 Totem entered into an agreement with East Coast Swimming Pool Co. for the construction of a swimming pool at the resort for the sum of $19,900, $1,500 of which was payable on the signing of the agreement, another $1,500 on the pouring of the concrete and $16,900 upon completion of the pool. On April 30 Totem and Lodge entered into a conditional sales contract with East Coast for the construction of the pool at the total cost of $23,491.25. A down payment of $3,000 was made and the balance was payable in monthly installments. A note was executed by the two corporations and indorsed by the respondent Schoenholt to cover the monthly payments. The difference in amounts between the two contracts was represented by a credit service charge of $3,591.25. On June 11, 1956 East Coast discounted the contract and note of April 30 to the appellant and after some correspondence with reference to alleged defects in the pool, payments on the notes were regularly made from August 4, 1956 through May, 1959. The respondents defaulted on the June 1959 payment and in November of that year appellant elected to declare the entire unpaid balance due and commenced action to collect same. The first cause of action is on the contract; the second on the note. After issue was joined plaintiff moved for summary judgment which defendants successfully resisted at Special Term on the defense that the note and the conditional sales agreement were delivered to the bank subject to the oral condition that they were to have no validity unless or until the swimming pool was completed. We find no basis in this record to support a defense of conditional delivery. The April 30 agreement makes no reference to the March 30 agreement. It neither specifies a completion date nor conditions its assignability on the completion of the pool. It is an agreement not only separate and distinct from the one of March 30, but inconsistent with it. Appeal from order entered on April 19, 1960, denying plaintiff's motion for summary judgment, dismissed, without costs. Concur — Breitel, J. P., Valente, Steuer and Bastow, JJ.